Aaron BESCHEINEN, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. WD 56525.

Missouri Court of Appeals,
Western District.

Sept. 14, 1999.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for Appellant.

Kenneth M. Hayden, Versailles, for Respondent.

PAUL M. SPINDEN, Judge.

The Department of Revenue's director appeals the circuit court's judgment repealing the director's suspension of Aaron Bescheinen's driving license. The director contends that the judgment was against the weight of the evidence. We agree and reverse the circuit court's judgment.

The sole issue is whether the director established in his case against Bescheinen that Morgan County sheriff's deputies followed mandatory testing techniques and methods. To meet his burden of proof, the director was obligated to establish that officers tested Bescheinen according to techniques and methods approved by the Department of Health. *Eckhoff v. Director of Revenue, State of Missouri*, 745 S.W.2d 815, 816 (Mo.App.1988).

The issue arises from the testimony of William Surface, a Missouri Highway Patrol trooper, concerning a solution that he used to test the accuracy of a machine that officers used to measure Bescheinen's blood alcohol concentration. During Bescheinen's cross-examination, Surface testified:

> Q. [W]ould it make a difference how potent the solution was that was used to maintain the machine, the ethyl vapor concentration of the solution? Would that make a difference?
>
> A. Yes, it would.
>
> . . . .
>
> Q. The certificate [that came with the bottle containing the solution] says that this solution ... had a .1212 concentration by grams per deciliter weight volume of ethyl alcohol. That's what—
>
> A. That's what the paper says, yes.
>
> . . . .
>
> Q. So it's not an ethanol vapor concentration of .10[;] it's .1212?
>
> A. Yes. I just—[l]ike I said, that's taken from the sticker on the bottle.

During the director's redirect examination of Surface, the trooper acknowledged that he did not "know much about a lot of this information that's contained on this certificate of analysis." Later, Bescheinen called Surface as his witness and elicited his testimony that the manufacturer's handbook for the machine indicated that the solution used to test the machine should contain an ethanol vapor concentration of .09 to .11, and that .1212 was higher than .11.

■ On September 17, 1998, the circuit court entered judgment for Bescheinen. It asserted that the director had not met his burden of proving that Bescheinen was driving a motor vehicle while the alcohol concentration in his blood was .10 percent or more. The director argues that the circuit court erred because he did establish that the machine that was used to test Bescheinen's blood alcohol concentration had been maintained in conformity with Department of Health requirements. We concur.

The Department of Health's maintenance standard in effect when Surface tested the machine on January 6, 1998—set out in 19 CSR 25–30.051(1)—required that the solution used to test the machines had "an ethanol, in *aqueous* solution, concentration of 0.1210 g/dl ± 3% (wt./vol.). This solution shall produce a *vapor* alcohol value of .100% ± 3% when heated to 34° ± 0.2° Celsius in a simulator."[1] After Surface tested the machine, but before Bescheinen's trial, the Department of Health amended this regulation to require that "[s]tandard simulator solutions, used to verify and calibrate evidential breath analyzers at the 0.10% or 0.100% level, shall be solutions from approved suppliers."[2] The director argues, on the basis of *Eckhoff*, 745 S.W.2d at 817, that regulations governing testing procedures were procedural, rather than substantive, requirements; therefore, the amendment to Regulation 25–30.351(1) applied retrospectively to Bescheinen's case.

We do not need to determine whether the regulation should have applied retrospectively because we conclude that the director established that the techniques and methods that officers used to test Bescheinen complied with the regulation in effect at the time of the maintenance test. We conclude that the director met his burden of proof even applying the more stringent standard of the former regulation.

The certificate accompanying the solution that Surface used to test the machine verified that the solution had an aqueous ethanol concentration of .1212 g/dl wt./vol. This was within the regulation's acceptable

---

1. We added the emphasis.

2. Bescheinen does not contest that RepCo Marketing, Inc., an approved supplier listed

in 19 CSR 25–30.051(3)(C), provided the solution that Surface used in the maintenance test.

range of plus or minus three percent of .1210 g/dl wt./vol. *Meurer v. Director of Revenue,* 984 S.W.2d 873, 876 (Mo.App. 1999), *Guccione v. Director of Revenue,* 988 S.W.2d 649, 653 (Mo.App.1999). The certificate in Bescheinen's case, therefore, was conclusive evidence of the solution's aqueous ethanol concentration.

Bescheinen made an issue, however, of the ethanol vapor concentration. The maintenance report by Surface listed the "ethanol vapor concentration" as .10 percent. This complied exactly with the Department of Health's regulation, but Bescheinen assumed that the solution's ethanol concentration of .1212 g/dl wt. /vol. and the vapor's ethanol concentration of .10 percent were in conflict. They were not.

Although Bescheinen elicited Surface's opinion that the two figures appeared to be in conflict, Surface readily acknowledged that he did not understand the significance of the manufacturer's certification that the solution had an ethanol concentration of .1212 g/dl wt./vol. He made clear that he concerned himself only with the solution's label, which indicated that it was a proper solution for testing at the .10 percent level.

The circuit court overlooked the separate standards for the aqueous and vapor concentrations set by the Department of Health's regulations. The maintenance report and the supplier's certificate indicated that the solution used by Surface complied with both standards as set by Regulation 25–30.051(1) when Surface tested the machine.

Bescheinen argues alternatively that he established that Surface did not perform the simulation in compliance with his training manual. This is inconsequential. The General Assembly has mandated that blood alcohol concentration tests be conducted according to methods set by the Department of Health. Section 577.020.3, RSMo Supp.1998. The General Assembly has not mandated that the tests be performed in conformity with the Highway Patrol's training manual. More significantly, Regulation 25–30.051(1) is more stringent than the training manual as to the permissible range of ethanol vapor concentration.

The director's showing of compliance with the Department of Health's approved methods and techniques, along with proof of other foundational elements not at issue, created a *prima facie* case, not contradicted by Bescheinen, that Bescheinen's blood alcohol concentration was .10 percent or more. The burden shifted to Bescheinen to prove the inaccuracy of the test results. Bescheinen's only objection concerned Surface's maintenance test. The director established that Surface properly conducted the test, so the circuit court's reinstatement of Bescheinen's license was contrary to the weight of the evidence. We reverse and order reinstatement of the suspension of Bescheinen's license.

EDWIN H. SMITH, Presiding Judge, and FOREST W. HANNA, Judge, concur.